IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01923-CNS-GPG

ESTATE OF NATHAN TIMOTHY SIMON,
by and through its personal representative Timothy Scott Simon;
TIMOTHY SCOTT SIMON, individually; and
BERNADETTE MARY SIMON, individually,

    Plaintiffs,

v.

SHERIFF JAMES VAN BEEK, in his official and individual capacities,
CAPTAIN GREGORY VAN WYK, in his official and individual capacities,
UNDERSHERIFF MIKE MCWILLIAMS, in his official and individual capacities,
DEPUTY SCOTT PETERSON,
EMT BERGON SHARP,
EAGLE COUNTY SHERIFF'S OFFICE,
EAGLE COUNTY DETENTION FACILITY, and
CORRECTIONAL HEATHCARE COMPANIES, LLC d/b/a Correct Care Solutions, LLC d/b/a Wellpath, LLC,

    Defendants.

---

# ORDER

Before the Court are (1) the Eagle County Sheriff's Office Defendants' (ECSO Defendants)[1] Motion to Stay Discovery Directed to All Claims Against Them Pending Resolution of Interlocutory Appeal; (2) ECSO Defendants' Motion for Protective Order Related to Discovery Directed to All Claims Against Them Pending Resolution of Interlocutory Appeal; and

---

[1] The ECSO Defendants are comprised of James Van Beek, Gregory Van Wyk, Mike McWilliams, Scott Peterson, Dustin Oakley, the Eagle County Sheriff's Office (ECSO), and the Eagle County Detention Facility.

1

(3) Defendants Correctional Healthcare Companies, LLC (CHC) and Bergon Sharp's (CHC Defendants) Partially Unopposed Motion to Stay Discovery and Extend Deadlines. (ECF Nos. 125, 126, 147). The Court DENIES the ECSO Defendants' motions for a stay and for a protective order (ECF Nos. 125, 126), and DENIES IN PART and GRANTS IN PART the CHC Defendants' motion for a stay and to extend the deadlines (ECF No. 147).

## I.  FACTS

The Court incorporates the recitation of facts in its prior Order. (ECF No. 122). On October 27, 2022, the Court denied in part and granted in part the ECSO Defendants' motion to dismiss and granted the CHC Defendants' motion to dismiss so that Counts I – VIII, X, and XII remained active claims in the case. (ECF Nos. 69, 73, 122). On November 2, 2022, the ECSO Defendants filed an interlocutory appeal regarding the October 2022 Order contesting the denial of qualified immunity from Plaintiff's claims under 42 U.S.C. § 1983. (ECF No. 123). On December 9, 2022, Plaintiffs filed a cross-interlocutory appeal regarding the October 2022 Order contesting the dismissal of the Fourteenth Amendment claims under 42 U.S.C. § 1983 against Defendant Sharp in her official capacity and Defendant CHC (Counts IX and XI). (ECF No. 143). Plaintiffs then filed a Notice of Voluntary Dismissal of Cross-Interlocutory Appeal, which the Tenth Circuit construed as a motion to voluntarily dismiss under Federal Rule of Appellate Procedure 42(b) and granted the motion. (ECF Nos. 151, 152). Jurisdiction regarding the issues underlying the cross-interlocutory appeal was transferred back to this Court. (ECF No. 152).

Defendants, collectively, request a complete stay of discovery while the interlocutory appeal is pending, but Plaintiffs desire to continue discovery on all remaining issues not subject to appeal. Specifically, the ECSO Defendants request a stay while their interlocutory appeal

regarding qualified immunity is pending before the Tenth Circuit and move for a protective order regarding staying discovery as well. (ECF Nos. 125, 126). Similarly, the CHC Defendants move for a stay of discovery due to Plaintiffs' Notice of Cross-Interlocutory Appeal.[2] (ECF No. 147). While Plaintiffs oppose the motions for a stay of discovery, they agree with the Defendants that the deadline for discovery must be extended by 120 days and the deadline for dispositive motions must be extended by 150 days. (ECF No. 147, p. 2).

## II.  LEGAL STANDARD

When determining whether a stay is appropriate, the court must typically consider the (1) "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay"; (2) "burden on the defendants"; (3) "convenience to the court"; (4) "interests of persons not parties to the civil litigation"; and (5) "public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers of Am.*, 322 F.3d at 1227.

The analysis changes when there is a motion for a stay pending an appeal. However, even when there is an appeal pending, a stay "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citation omitted). When a party moves for a stay pending appeal, the court must also consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[2] The Court notes that the CHC Defendants' motion for a stay was filed prior to Plaintiffs voluntarily dismissing their cross-interlocutory appeal.

*Id*. at 1761 (citation omitted).[3]  The first two factors are the most critical when conducting the analysis.  *Id*.

### III.  ANALYSIS

In weighing these factors, the Court finds that a stay of discovery in this case is not appropriate.  While filing a Notice of Interlocutory Appeal divests the Court of jurisdiction over the implicated claims, it does not divest the Court of jurisdiction over the unrelated, remaining claims.  *Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).  A claim for qualified immunity falls within the collateral order exception to 28 U.S.C. § 1291 as it is an "entitlement not to stand trial or face the other burdens of litigation."  *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990).  However, the Court still retains jurisdiction over the "peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial."  *Id*. at 576.

**A.  Defendants' Motions to Stay Discovery**

   1. *Likelihood of Success on Appeal*

The Court does not find that this factor carries much weight because the ECSO Defendants must still defend against the remaining claims, even if the Tenth Circuit decides the ECSO Defendants have qualified immunity.  The qualified immunity defense is not absolute, and the Supreme Court has noted that the courts must strike a balance "between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties."  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  The municipal liability and state law claims will not be disposed of by the appeal, and while a government official has the right to invoke the

---

[3] The parties did not address the *Nken* factors in their briefing.  However, the factors overlap enough with the *String Cheese* factors that this Court can still address the parties' arguments.

defense of qualified immunity, "a private citizen is entitled to claim the timely protection of the law." *Sanchez v. Hartley*, No. 13-CV-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016) (denying a motion to stay discovery pending a petition for writ of certiorari to the Supreme Court of the United States); *see also Montoya v. City & Cnty. of Denver*, No. 16-CV-01457-JLK, 2021 WL 8087380, at *5 (D. Colo. July 27, 2021) (denying a motion to stay discovery pending an interlocutory appeal regarding qualified immunity). As previously noted, the likelihood of success on appeal for the ECSO Defendants is not dispositive in this analysis as the case will still proceed regardless of the Tenth Circuit's decision.

  2. *Injury on Applicants/Burden on Defendants*

Examining the second *String Cheese* factor, this Court finds that Defendants have not demonstrated that proceeding with discovery presents an undue burden or that the factors favor expanding the scope of the stay to include the ECSO. Similarly, the Court finds that the "irreparable injury" factor is neutral in this case. The Tenth Circuit has made clear that asserting the defense of qualified immunity does not "shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001) (citation omitted). The ECSO Defendants argue that Plaintiffs' claims against the municipality will fail if the Tenth Circuit finds that they are entitled to qualified immunity. (ECF No. 125, p. 6). But this is not entirely correct; "there is no inherent inconsistency in allowing a suit alleging an unconstitutional policy or custom to proceed against the city when the individuals charged with executing the challenged policy to [injure] the plaintiff have been relieved from individual liability" because the "availability of qualified immunity does not [necessarily] depend on whether a constitutional violation has occurred." *Watson v. City of Kansas*

5

*City, Kan.*, 857 F.2d 690, 697 (10th Cir. 1988). Similarly, the CHC Defendants' motion for a stay is unavailing as they concede that discovery can be conducted on a narrower scope while the outcome of the interlocutory appeal is pending. (ECF No. 147, p. 5). Defendants have not established any particularized facts that they will suffer a clearly defined and serious harm if discovery proceeds. *See Montoya,* 2021 WL 8087380, at *4; *Est. of Bailey by & through Searcy v. City of Colorado Springs*, No. 20-CV-1600-WJM-KMT, 2020 WL 6743789, at *2 (D. Colo. Nov. 17, 2020). Furthermore, the Court does not find that there will be irreparable injury to Defendants absent a stay and, thus, this factor does not tip in favor of granting their motions.

### 3. Injury to Other Parties/Prejudice to Plaintiffs

The next factor requires the Court to weigh whether the Plaintiffs will suffer harm if a stay of all discovery against the ECSO and CHC Defendants is permitted. Plaintiffs argue that a stay would push the case back months or years and would severely prejudice their remaining claims. The Court finds that there is a risk in part that the "memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed" while the interlocutory appeal is decided. *See Est. of Bailey*, 2020 WL 6743789, at *2. The Court finds that discovery on the remaining claims would reduce the prejudice to Plaintiffs; therefore, this factor tips in favor of denying the motions for a stay.

### 4. Convenience to the Court, Interest of Third Parties, and Public Interest

The Court also finds that the final *Nken* factor tips in favor of denying Defendants' motions for a stay. "The public has a strong interest in seeing cases resolved, especially when public entities and violations of citizens' constitutional rights are involved." *Montoya*, 2021 WL

6

8087380, at *5; *Sanchez*, 2016 WL 7176718, at *7 ("[J]ustice delayed is justice denied."). The Court does not find that the final *String Cheese* factors of convenience to the Court or the interest of third parties bear much weight.

* * *

Having balanced the interest of the Plaintiffs to proceed expeditiously against the burden on the Defendants to conduct discovery while the interlocutory appeal is pending, the Court finds it more prudent to continue discovery on the remaining claims until the time that the Tenth Circuit renders a decision.

### B. The ECSO Defendants' Motion for a Protective Order

Regarding the ECSO Defendants' request for a protective order, the decision to grant or deny a protective order is "vested in the district court's discretion." *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Under Rule 26(c), a party must demonstrate good cause for an entry of a protective order. *Exum v. U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). Thus, the movant must show that "disclosure will result in a clearly defined and serious injury to the party seeking protection." *Id*. (citation omitted). The court must balance the need for one party to access information against the injury that might result from unrestricted disclosure while also considering any privacy interests of the parties and whether the case involves issues of public importance. *Id*. The ECSO Defendants concede that the arguments are relatively identical to their motion to stay discovery. (*See e.g.,* ECF No. 126, p. 3 n.2). For the same reasons noted above, the Court does not find that there is good cause for entry of a protective order in this case.

### C. The CHC Defendants' Motion to Extend Deadlines

The CHC Defendants move the Court to extend the deadlines for discovery and dispositive motions by 120 and 150 days, respectively. (ECF No. 147, p. 6). None of the parties contest this request. The CHC Defendants note that the parties have not engaged in discovery since the ECSO Defendants' motion for a stay was filed on November 3, 2022. (*Id.*, p.5). The CHC Defendants ask for an extension of the deadlines once any stay on discovery is lifted. Given that the Court has denied a complete stay of discovery while the interlocutory appeal is pending, the Court interprets the CHC Defendants' request for an extension of the current deadlines. The current discovery deadline is December 16, 2022, and the dispositive motions deadline is January 20, 2023. (ECF Nos. 104, 107). Accordingly, the Court finds good cause to grant the motion to extend the deadlines. The discovery deadline is extended to April 17, 2023, and the dispositive motions deadline is extended to June 20, 2023.

### IV. CONCLUSION

Accordingly, the ECSO Defendants' motion to stay discovery is DENIED and the motion for a protective order is DENIED. (ECF Nos. 125, 126). The CHC Defendants' motion to stay discovery is DENIED and the motion to extend the discovery and dispositive motions deadlines is GRANTED. (ECF No. 147).

DATED this 3rd day of January 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

8